UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORA DELAVARI,

    Plaintiff,

v.

MARCO RUBIO et al.,

    Defendants.

Case No. 25-11524
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS [10]**

Flora Delavari is a United States citizen residing in Michigan. Her father, Abdolkarim, is an Iranian national living in Iran. Several years ago, Abdolkarim applied for an immigrant visa to come to the United States. In November 2023, that application was refused. But Flora does not believe that refusal constituted a final determination on her father's visa application. Rather, she says the application now lingers in "administrative processing" that has dragged on "unreasonably" long. So on May 23, 2025, she filed this suit alleging that Defendants—the U.S. Secretary of State, U.S. Department of State, and related embassy chiefs—violated the Administrative Procedure Act by failing to timely decide her father's application and seeking a writ of mandamus compelling Defendants to finalize their review.

According to Defendants, Abdolkarim has already received the final visa determination Flora now seeks. In their view, after Abdolkarim's visa was refused, their duty to review his visa application dissolved and no subsequent administrative

processing was required. As such, they now move to dismiss Flora's complaint, contending that she lacks standing. The Court agrees. For the reasons that follow, Defendants' motion to dismiss (ECF No. 10) is granted.

## I.

Flora Delavari is a United States citizen. (ECF No. 1, PageID.7.) Her father, Abdolkarim Delavari, is an Iranian national living in Shiraz, Iran. (ECF No. 15, PageID.112.) He seeks an immigrant visa to come to the United States. (*Id.*)

On November 16, 2023, Abdolkarim[1] completed an immigration visa interview with a consular officer at the U.S. Embassy in Yerevan, Armenia. (*See id.*; ECF No. 1, PageID.7.) The same day, Abdolkarim's visa application was "refused" pursuant to 8 U.S.C. § 1201(g), the provision of the Immigration and Nationality Act that details when a visa application must be denied. (*See* ECF No. 10-2, PageID.94.) Flora believes "the visa application . . . remains pending" because in her view, "the government has a nondiscretionary duty to adjudicate visa applications" even after § 1201(g) denials. (ECF No. 15, PageID.113.) So she filed this complaint alleging Defendants violated the Administrative Procedure Act through unreasonably delaying their administrative review of her father's visa application and seeking a writ of mandamus compelling the Government to "make a final determination" on his application. (*See* ECF No. 1, PageID.6.)

---

[1] The Court refers to Flora and Abdolkarim Delavari by their first names to avoid confusion.

Defendants disagree. They say that the consulate's refusal of Abdolkarim's application constituted a final decision on his visa application, and that any further administrative review available for refused applications is discretionary and not amenable to mandamus. (ECF No. 10, PageID.74–75.) On that basis, Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (*Id.* at PageID.59.)

In support of their motion, Defendants submit two exhibits.[2] First, they enclose screenshots of the Visa Status Check website hosted by the U.S. State Department, which shows the current status of Abdolkarim's visa application as "refused." (ECF No. 10-3.) Second, they submit the declaration of Attorney-Advisor for the Department of State, Samual W. McDonald, who verified through internal department records that Abdolkarim's application was denied pursuant to 8. U.S.C. § 1201(g) on November 16, 2023, the same day as Abdolkarim's consular interview. (ECF No. 10-2.)

In response, Flora provided the declaration of Carson Wu, a State Department employee, detailing the screening and review process undertaken by consular and agency staff processing visa applications. (ECF No. 15-3.) This declaration,

---

[2] As discussed below, "on a Rule 12(b)(1) motion that attacks the factual allegations underlying the Complaint's assertion of jurisdiction, the Court may 'weigh the evidence' and 'the plaintiff [has] the burden of proof that jurisdiction does in fact exist[.]'" *Bimbo Bakeries USA, Inc. v. Rubio*, 771 F. Supp. 3d 584, 591 n.4 (E.D. Penn. 2025) (internal citation omitted). So the Court does consider the Visa Status Check tracker provided by the State Department as well as the declaration of Department attorney-advisor Samuel W. McDonald. (ECF No. 10-2, PageID.93–95; ECF No. 10-3.)

apparently used in several other like-cases throughout the country, *see, e.g., Iqbal v. Rubio*, No. 23-01299, 2025 U.S. Dist. LEXIS 126319 (E.D. Cal. July 1, 2025); *Ahromi v. Blinken*, No. 23-2054, 2024 U.S. Dist. LEXIS 122645 (D. Ariz. July 12, 2024); *Shoaie v. Blinken*, No. 24-01513, 2024 U.S. Dist. LEXIS 201711 (D.D.C. Nov. 6, 2024), contains no specific information regarding Abdolkarim's application or any other references to the instant case.

For the reasons that follow, the Court finds that Flora lacks standing to bring the present case. As a result, the motion to dismiss is GRANTED.

## II. Legal Standard

First, some background on the law governing Defendants' standing argument.

### A.

Article III of the United States Constitution limits the jurisdiction of federal courts to discrete "cases and controversies." U.S. Const. art. III, § 2, cl.1. This jurisdictional limitation is operationalized, in part, through the doctrine of standing. To have standing, (1) the plaintiff must have an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury is redressable by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Although closely intertwined with the doctrine of mootness, standing asks whether a plaintiff had a personal stake in the case "at the outset of litigation," whereas the mootness inquiry asks whether "changed circumstances have intervened to destroy standing" that at one time existed. *Amir Abdulmonem Sankari v. United*

*States Dep't of State*, No. 24-12975, 2025 U.S. Dist. LEXIS 103480, at \*12 n.5 (E.D. Mich. May 30, 2025) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

## B.

A defendant can move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Motions under this rule generally fall into one of two categories: facial attacks and factual attacks. "A facial attack is a challenge to the sufficiency of the pleading itself. In such an instance, the court takes the material allegations of the petition as true and construes them in the light most favorable to the nonmoving party." *Sankari*, 2025 U.S. Dist. LEXIS 103480, at \*8–9 (citing *Ritchie*, 15 F.3d at 598).

A factual attack, on the other hand, does not challenge the sufficiency of the pleading's allegations, but rather the "factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. Where a factual attack is made, the court does not presume the truth of a plaintiff's factual allegations and is instead free to weigh competing evidence or conflicting factual assertions. *See Sankari*, 2025 U.S. Dist. LEXIS 103480, at \*9.

Defendants' motion falls into this "factual attack" category. Their argument is not that Flora did not properly allege subject matter jurisdiction, but that she *could not*, because the Court lacks subject matter jurisdiction over her claims entirely. (ECF No. 10, PageID.73–77.) That is, Defendants say that Flora lacked standing to bring the present suit because the consular officer made a final determination on her

5

father's visa application in November 2023, long before she filed suit in May 2025. (ECF No. 10, PageID.76.)

With this background in mind, the Court turns to Defendants' argument that Flora lacks standing to sue.

### III. Analysis

"A noncitizen seeking a visa based on a familial relationship with a U.S. citizen must complete a process prescribed by the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1104, et seq." *Al-Obaidi v. Blinken*, No. 24-00419, 2024 U.S. Dist. LEXIS 191877, at *6 (M.D. Tenn. Oct. 2, 2024), *adopted by Al-Obaidi v. Blinken*, 2024 U.S. Dist. LEXIS 190785 (M.D. Tenn. Oct. 21, 2025). The first step of that process requires the U.S. citizen to file a Form I-130 with the United States Citizenship and Immigration Services on behalf on the visa-seeker to have them classified as an "immediate relative." 8 U.S.C. §§ 1153(f), 1154(a). Once so classified, the visa-seeker may continue to the next step of the process by applying for an immigration visa. *Sankari v. United* 2025 U.S. Dist. LEXIS 103480, at *3.

An immigrant visa-seeker must interview with a consular officer, who will take and review the applicant's visa application. *See* 8 U.S.C. §§ 1202(h), (e). It is the visa applicant's burden to establish that he is eligible to receive a visa and not otherwise inadmissible under the INA. 8 U.S.C. § 1361. The ultimate decision of whether to issue or refuse an applicant's visa rests with the consular officer. *Id.* at § 1201(a). The consular officer must refuse a visa if he finds the applicant is "ineligible to receive a visa," or if "the application fails to comply" with the INA or regulations issued

6

thereunder. *See id.* at § 1201(g). "In the event that the consular officer refuses the visa, the officer may conduct 'administrative processing' to determine if additional information from other sources may help establish an applicant's eligibility for a visa." *Sankari*, 2025 U.S. Dist. LEXIS 103480, *2; *see also* 22 C.F.R. § 42.81 (outlining review procedures after visa refusal).

There is some disagreement among federal courts as to whether this administrative processing is mandatory or within the consular officers' discretion. *See, e.g.*, *Sankari*, 2025 U.S. Dist. LEXIS 103480, at *18 (collecting cases). But courts in this Circuit have generally found that the post-refusal administrative review available under the INA is discretionary. *See id.* at *17; *Mohafel v. Rubio*, No. 25-11061, 2025 U.S. Dist. LEXIS 231690, at *5–6 (E.D. Mich. Nov. 25, 2025); *Masih v. Rubio*, No. 25-10987, 2026 U.S. Dist. LEXIS 35566, at *5 (E.D. Mich. Feb. 20, 2026); *see also Yared v. Nepal*, No. 24-2114, 2025 U.S. Dist. LEXIS 67555, at *9 (N.D. Ohio Apr. 9, 2025). So has the D.C. Circuit. *See Karimova v. Abate*, 23-5178, 2024 U.S. App. LEXIS 18337, at *10 (D.C. Cir. July 24, 2024). And while the Sixth Circuit has not confronted this exact factual scenario head on, it has held that refusal of a visa application pursuant to 8 U.S.C. § 1201(g) "fully discharge[s]" the government's duty to process visa applications. *Hussein v. Beecroft*, 782 Fed. Appx. 437, 441 (6th Cir. 2019).

So this Court agrees with others in this District that have confronted the issue—i.e., that a "refusal" under § 1201(g), like the one Abdolkarim received here, constitutes a final determination of a visa application. As such, the Court finds that

7

Defendants discharged their non-discretionary duties to review Abdolkarim's visa application when they issued their final refusal pursuant to § 1201(g) in November 2023. (*See* ECF No. 10-2.) The mere possibility that Defendants hypothetically *could* "reconsider this refusal 'is immaterial, when no statute, regulation, or other source imposes a duty to reconsider it.'" *Sankari*, 2025 U.S. Dist. LEXIS 103480, at *15.

Thus, at the time Flora filed this case, she already had what this action seeks: a final determination of her father's visa application. (ECF No. 1, PageID.6.) So there was no active case or controversy upon which she had standing to sue. *See  Sankari*, 2025 U.S. Dist. LEXIS 103480, at *11–22 (reasoning that plaintiff lost standing when the consulate refused a visa application under § 1201(g) because that finding fully discharged the government's nondiscretionary duty to adjudicate the application) *see also Martinez v. Baumann*, 796 F. Supp. 3d 337, 351 (W.D. Tex. 2025) ("A consular officer refused the application in this case and the administrative process does not change the refusal. Absent binding authority dictating otherwise, the refusal of the visa application is final for purposes of the claims raised in this action. Because the visa application was finally refused prior to Plaintiff bringing this case, he lacks an injury in fact caused by the alleged delay.") It follows that the Court lacks subject matter jurisdiction over the case, and the complaint must therefore be dismissed. *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. Appx. 409, 410–411 (6th Cir. 2013). And because this conclusion on subject matter jurisdiction disposes of the issues, the Court need not address the Defendants' arguments under Federal Rule of

8

Civil Procedure 12(b)(6). *See Wayside Church v. Van Buren County*, 847 F.3d 812, 816 (6th Cir. 2017).

**IV.**

For the reasons provided, Defendants' motion to dismiss (ECF No. 10) is GRANTED.

Dated: March 13, 2026

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE